IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIE EARL HATTEN, SR. #60585                                                        PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 2:05cv2113KS-JMR

ANTHONY J. BUCKLEY, District Attorney;
DENNIS BISNETTE, Assistant District Attorney;
AND J. RONALD PARRISH, Assistant District Attorney                         DEFENDANTS

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate at the South Mississippi Correctional Institute, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Dennis L. Bisnette, Assistant District Attorney, J. Ronald Parrish, Assistant District Attorney and Anthony J. Buckley, District Attorney. As relief, the plaintiff is seeking his freedom and monetary damages.

Background

The plaintiff complains that he was convicted on a wrongful indictment which used a manslaughter charge as well as a charge of possession of cocaine. The plaintiff contends that there is no record of him being convicted of manslaughter or possession of cocaine in 2001. Therefore, the plaintiff claims that his conviction is invalid.

Analysis

The Prison Litigation Reform Act [PLRA], 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief."  Since the plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

Initially, this court must decide whether the plaintiff should pursue this matter requesting that he be released as a request for *habeas corpus* relief or as a civil rights action pursuant to 42 U.S.C. § 1983. The United States Court of Appeals for the Fifth Circuit has held that "any challenge to the fact or duration of a prisoner's confinement is properly treated as a *habeas corpus* matter, whereas challenges to conditions of confinement may proceed under Section 1983."  <u>Jackson v. Torres</u>, 720 F.2d 877, 879 (5th Cir. 1983).  The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through *habeas corpus*.  <u>Pugh v. Parish of St. Tammany</u>, 875 F.2d 436, 439 (5th Cir. 1989). The label a plaintiff places upon the action does not dictate how the court handles the action.  <u>Jackson</u>, 720 F.2d at 879. Therefore, even though plaintiff seeks relief in the form of an action pursuant to 42 U.S.C. § 1983, it is clear that the nature of his complaint seeking his freedom is that of a request for *habeas* relief.

Prior to pursuing his request for release through *habeas corpus* in federal court, the plaintiff is required to exhaust all of his available state remedies.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Thomas v. Torres</u>, 717 F.2d 248, 249 (5th Cir. 1983).  Once he has exhausted his available state remedies, and if he does not receive the requested relief, the plaintiff may then file a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this court within the applicable time limit

Furthermore, to the extent that plaintiff is requesting monetary damages, his claim is not cognizable under  42 U.S.C. § 1983, in that it essentially challenges plaintiff's imprisonment. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the United States Supreme Court reasoned as

follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994). Therefore, since this action calls into question the validity of the plaintiff's imprisonment, as precluded by the court in Heck, and because plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated, this court finds that plaintiff cannot maintain this claim under 42 U.S.C. § 1983.

Even if the plaintiff were to meet the Heck requirements, it is clear that the plaintiff cannot maintain this § 1983 civil action for monetary damages against these defendants. Absolute immunity extends to prosecutors who are performing prosecutorial acts. Imbler v. Pachtman, 424 U.S. 409 (1976). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11, 112 (1991); see also Forrester v. White, 484 U.S. 219, 220-21 (1988). The plaintiff does not provide any facts to establish that these defendants were performing acts other than those directly related to presiding over or prosecuting the criminal case against the plaintiff. The court finds that

plaintiff's claims against defendants for monetary damages are not cognizable under 42 U.S.C. § 1983.

## Conclusion

As discussed above, the plaintiff's claim for release from custody is habeas in nature and not properly pursued under 42 U.S.C. § 1983.  Furthermore, the defendants are immune from suit for monetary damages . Therefore, the court finds that the plaintiff's complaint should be dismissed with  prejudice for the plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

## Three strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the PLRA, it will be counted as a "Strike"[1].  If the plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 6th  day of December, 2005.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.